First National Bank of St. Paul

*vs.*

County Commissioners of Scott County.

The county of Scott issued its bonds, payable to one Justus H. Sweet, or bearer, in five years from their date, with interest coupons (or auditor's warrants on the treasurer, for the interest) attached. The bonds obligating the county to pay the principal in five years, and the interest annually, " on the presentation of the corresponding interest warrants " to the county treasurer. The bonds having been lost by the owner, were, before their maturity, purchased by the plaintiff, in good faith, for their value, with all the coupons attached. *Held,* That the fact that it appeared upon the face of the bonds, that interest for several years was overdue and unpaid, was a circumstance of suspicion sufficient to put the plaintiff on its guard. The bonds were thus dishonored on their face, and the plaintiff took them subject to any infirmity of title affecting their grantor. The interest, equally with the principal, is a part of the debt which they were intended to evidence and secure, and it is not material whether the whole or only a part of the debt was overdue.

The fact that the coupons were payable on presentation to the county treasurer, is unimportant ; an instrument payable at a time certain, is over due as soon as that time is past, whether it is payable generally, or at a specified place, and the person who takes it by endorsement or delivery, after it is due, gets no better title than the party had from whom he receives it.

First National Bank of St. Paul v. County Commissioners of Scott Co.

This is an appeal taken by the defendants from a judgment of the District Court of Ramsey County, entered upon the report of a referee before whom the cause was tried. A sufficient statement of the case appears in the opinion of the Court.

JOHN H. BROWN for Appellants.

WARNER & PECK for Respondent.

*By the Court*—WILSON, CH. J.—This suit was brought on certain bonds of Scott county. The act under which they were issued authorized the board of county commissioners of that county " to issue county bonds.   *   *   Said bonds shall bear interest at a rate not exceeding seven per cent. per annum, and shall be made payable at any time not less than five years from the date thereof,   *   *   and the county auditor of said county may, when authorized by said board of commissioners, draw warrants on the county treasurer, for the amount of interest due on said bonds."—*Special Laws*, 1861, *page* 280–1.

The referee has found as a matter of fact, that by the bonds issued under this law, and on which the plaintiff has brought this action, " the said county of Scott obligated itself, for value received, to pay one Justis H. Sweet, or the holder thereof, the sum of     ; at the treasurer's office, in the said county of Scott, on the first day of April, 1866, with interest thereon, at the rate of seven per cent. per annum, payable annually, on the presentation of the . corresponding interest warrants."

The particular form of the bonds or coupons is not given. The bonds in suit were lost by or stolen from the owner,

First National Bank of St. Paul v. County Commissioners of Scott Co.

and subsequently, in July, 1865, purchased by the plaintiff in good faith, at their market value, *with all the coupons attached thereto.*

The plaintiff's right to recover is disputed on several grounds, but one of which we consider. It appears from the enabling act, and the facts found by the referee, that the contract for the payment of interest is in the bond. The coupon is evidence of a sum due *on the bond* for interest, and it is attached as a matter of convenience merely. It serves as a warrant to the holder to receive the sum due, and a voucher when the money is paid. In other words it is a mere token ticket or interest warrant, indicating the time and place when and where certain sums would be due and payable for interest on the bond. *Arents vs. Commonwealth*, 18 *Grattan*, 750, 771–2.

The fact that it appeared upon the face of the bonds, that the interest for several years was overdue and unpaid, was, we think, a circumstance of suspicion sufficient to put the plaintiff on its guard. The bonds were thus dishonored on their face. The interest, equally with the principal, is a part of the debt which they were intended to secure, and it does not seem to us material whether the whole, or only a part, of that debt was overdue. When due the plaintiff had a right of action for the recovery of the interest as for any other instalment due on the bond. It is argued that the interest was only payable on the presentation of the coupons to the county treasurer, and presentation not having been made before the plaintiff purchased, that the bonds are not affected by the infirmity of the grantor's title.

This, we think, is not the law. The bonds were payable at the treasurer's office of said county, and of course the holder would have no right to demand the sum due on them without their presentation to the treasurer. They,

therefore, stand in this respect on the same footing with the coupons, and by a parity of reason, the plaintiff might claim, had it purchased them after the first day of April, 1866, (the day on which by the terms they were to be paid,) that they were not overdue, and that it was not subject to any equities or infirmity of title affecting its grantor.

But the law is that a negotiable instrument, payable at a time certain, is overdue as soon as that time has passed, whether payable generally, or at a specified place, and the person who takes it by endorsement or delivery after it is due, gets no better title than the party had from whom he received it. The fact that the day of payment has passed before the transfer, is of itself a ground of suspicion, and sufficient to affect the title of the transferee. This is said to be a rule of law founded on grounds of policy, and designed to prevent fraud. *See Arents vs. Commonwealth, and cases there cited ; Newell vs. Grigg,* 51·*Barb.*, 263.

Judgment reversed.