## Case No. 5,419.

### GILBOUGH et al. v. NORFOLK & P. R. CO.

[1 Hughes, 410.] [1]

Circuit Court, E. D. Virginia. June, 1877.

BONDS TRANSFERABLE BY DELIVERY—STOLEN AND SOLD TO BONA FIDE PURCHASER—PASSING OF TITLE.

Where coupon bonds of a corporation, transferable by delivery, were stolen, and were afterwards sold in the regular course of business to a bona fide purchaser, before they matured, for their market price, *held*, that the title in them *passed to the purchaser, as to the bonds and as to each coupon which had not yet become payable at the date of the sale, but did not pass as to the coupons which were past due.

Among other like property stolen from the state capitol of Virginia, on or about the 3d of April, 1865, at the capture of Richmond, were eight coupon bonds of the Norfolk & Petersburg Railroad Company, for $500 each, dated the 1st of July, 1857, payable to bearer on the 1st day of July, 1870, with coupons at seven per cent., payable to bearer semi-annually, on the 1st day of January and July in each year. They had been held by the state in exchange for a like amount of her own bonds, which had been lent the company about the time of the date of the company's bonds. The theft of the bonds from the state was advertised in the newspapers of Richmond, and was published elsewhere at the time it was discovered. There are now attached to the bonds all the coupons which fell due between January, 1866, and July, 1870, inclusive, that is to say, nine coupons each. Two days before the maturity of the bonds, and of the last coupons, that is to say, on the 28th of June, 1870, these eight bonds were sold to J. W. Gilbough & Co., bankers and brokers of Philadelphia, by a person whom they did not know, calling himself D. M. Taylor, at the market rate of 79.50, then commanded by such bonds in New York, Philadelphia, and Baltimore. The purchasers had no knowledge of the theft which has been spoken of, nor were there any circumstances attending their purchase of these bonds, tending to put them on inquiry as to the validity of the vendor's title to them, except the fact that the per-

[1] [Reported by Hon. Robert W. Hughes. District Judge, and here reprinted by permission.]

son offering them for sale was a stranger to them, that eight coupons were overdue, and that the bonds themselves were within two days of maturity. Action of covenant is now brought by J. W. Gilbough & Co. against the Norfolk & Petersburg Railroad Company, for the amount of the bonds, principal and interest, and this company disclaiming property in the bonds, the commonwealth of Virginia, by her attorney general, has been allowed to assert her claim to them, and make defence to the action under section 1, c. 149, of the Code of Virginia.

James Neeson, for plaintiff.
R. T. Daniel, Atty. Gen., for defence.

HUGHES, District Judge. It is useless to pass upon any other question raised in the pleadings except the single one on which the case rests. That question is, assuming these bonds and their coupons to be commercial paper, payable to bearer, transferable by delivery, whether or not the admitted fact that they had been stolen invalidates the title of their bona fide holders by purchase at the market price of such bonds.

It is no longer a question that the bonds of corporations payable to bearer are negotiable paper, at all times after they get upon the market, up to the date of their maturity. This is an elementary principle of commercial law. Nor is there any doubt, since the decision in Mercer v. Hackett, 1 Wall. [68 U. S.] 83, that the interest coupons of such bonds not yet due are also negotiable paper. It may also be assumed, as the settled law of this country, as it is of England, that a bona fide holder, for value, of negotiable paper, in the form of the bonds and coupons in this case, by purchase before their maturity, is entitled to recover his demand from the maker or obligor, even though his vendor obtained them by fraud, or theft, or robbery.

In general, the purchaser of personal property obtains no better title than that of his vendor, unless, in England, he purchase in certain markets overt. But, for the benefit of commerce, this rule is reversed in respect to negotiable paper, and the holder of such paper, though it has been stolen, has title to it if he himself came to it bona fide in the regular course of trade, and the burden of proof is upon the defendant to disprove the bona fides of his purchase. This principle is too thoroughly established by the decisions of the supreme court of the United States in Murray v. Lardner, 2 Wall. [69 U. S.] 110, National Bank of Washington v. Texas, 20 Wall. [87 U. S.] 72, and Hotchkiss v. National Banks, 21 Wall. [88 U. S.] 354, to be questioned here; however strong our inclination may be to protect the state of Virginia from such a theft as these bonds were in part the subject of.

But clear as the principle of these decisions is, as to the principal of the bonds sued up-

on in this case, and as to the coupons which had not yet matured at the date of the plaintiffs' purchase, it is well-settled law that the eight coupons which were then past due were not such negotiable paper as falls within the scope of the principle. As to those overdue coupons, the plaintiffs took only the title of their vendor, who called himself Taylor, which was no title at all. See Arents v. Com., 18 Grat., at pages 777–780, and numerous cases there cited by Judge Joynes. Judgment may be entered accordingly.