Patterson vs. Wright.

---

PATTERSON, Respondent, vs. WRIGHT, Appellant.

*September 28 — October 13, 1885.*

*(1) Deceit: Promise. (2) Promissory notes: Consideration: Fraud: Notice. (3) Setoff: Notice.*

1. Representations, to be fraudulent, must relate to a present or past state of facts, and relief as for deceit cannot be obtained for non-performance of a promise looking to the future.
2. Where there is fraud in the transaction which forms the basis of consideration for a promissory note, knowledge that another note given for the same consideration is due and that interest on the notes remains unpaid, is not such notice as will affect the *bona fides* of a purchase of the former note.
3. A setoff against the payee of a note cannot be claimed against a *bona fide* purchaser thereof before due, although he had knowledge of such setoff.

APPEAL from the Circuit Court for *Milwaukee* County.

The case is stated in the opinion. The defendant appealed from a judgment in favor of the plaintiff.

*Adolf Herdegen*, for the appellant.

For the respondent there was a brief by *Johnson, Rietbrock & Halsey*, and oral argument by *Mr. Johnson*.

ORTON, J.  The respondent, the plaintiff in the circuit court, declared upon two promissory notes given by the defendant to one L. D. Sawyer, April 1, 1868, to become due April 1, 1878,— one for $1,500 and the other for $1,000, interest payable annually,— and it is alleged that said notes were transferred to him before due and for value.  The answer denies the transfer of the notes before due, for value, and alleges in substance that in the year 1865 he, the defendant, and said Sawyer jointly owned a mill, which was insured for $6,000, and afterwards, in August, 1866, it was burned up, and the balance of the insurance money due the firm, after paying certain liens, was the sum of $2,640; which said Sawyer received and applied to his own use. The mill was rebuilt, and the defendant purchased of Sawyer his undivided one-half thereof and his interest in the partnership for $3,000, and gave him therefor the two notes in suit and another note for $500, which was overdue when the plaintiff bought the notes in suit, and Sawyer has never paid the $2,640, or any part thereof, and the defendant claims that that sum is now due, together with interest, and also alleges an offset for goods sold and delivered to said Sawyer of $500.  The answer then alleges that said $2,640, or the promise to pay the same, was a part of the consideration of said notes, and that such promise was a fraudulent representation upon which the notes were obtained, and claims that said notes are subject to such equity.

On the trial the plaintiff proved that he purchased said notes before due and paid value therefor.  The defendant made repeated offers to prove the original transaction between himself and said Sawyer, which were denied by the court on objection on the ground that the defendant must first show that the notes were transferred after due or for no value, which he failed to do.  He then made an effort to prove the plaintiff's knowledge of such transaction, and in part by the testimony of his attorneys, which last testimony

was ruled out as being privileged and betraying confidence. There was no evidence that the plaintiff had such knowledge. He then sought to show that the plaintiff became the owner of the $500 note also, which was overdue, as notice of the dishonor of the notes in suit. He failed to show this, but did show that the plaintiff once had said note in his hands, for collection merely.

This statement presents the whole case, and suggests the alleged errors. The jury was instructed that the plaintiff was the *bona fide* holder of the notes, and entitled to a verdict for the amount thereof, with interest. There are numerous exceptions and many points made and argued in the brief of the learned counsel of the appellant, but the only questions of any importance are —*First*, whether the transactions alleged were fraudulent, or affected the character or inherent quality of the notes as commercial paper, and raised any equities as against the plaintiff, even if he had knowledge of them. According to the answer, reasonably construed, the defendant's claim against Sawyer was a mere money demand for one half of the $2,640, and, if anything affecting this suit, was a mere setoff. Sawyer's promise to pay it, or failure to do so, was no fraud. "The representation must relate to a *present* or *past* state of facts, and relief as for deceit cannot be obtained for the non-performance of a promise or of other statements looking to the future." Bigelow on Fraud, 11, 12, and notes; *Morrison v. Koch*, 32 Wis. 254; *Fenwick v. Grimes*, 5 Cranch, C. C. 439. This is an elementary principle, and many citations are unnecessary. Sawyer failed to perform his promise to pay the defendant his share of the $2,640, and he can enforce the demand by suit at any time, or he can make it a setoff against these notes, if they were transferred after maturity.

*Second.* Whether the plaintiff had knowledge of any infirmity in the notes, by having in his hands for collection the $500 note which was overdue, or by the failure to pay

interest on the notes when due. This question is, in effect, already answered by the fact that the answer alleges no fraud which could affect the notes, but only alleges a setoff. But, conceding that there was fraud in the transaction, the fact that another note given for the same consideration was due, or that interest on the notes remained unpaid, is no such notice as to affect the *bona fides* of the plaintiff's purchase of the notes in suit. *Boss v. Hewitt*, 15 Wis. 260; *Kelley v. Whitney*, 45 Wis. 110.

*Third.* Whether the knowledge of the plaintiff of the existence of these setoffs when he purchased the notes made them good against the notes in his hands. Setoffs are entirely regulated by statute in actions at law, and are not *equities* which can be enforced against a *bona fide holder* of commercial paper having knowledge of them. Daniel on Neg. Inst. §§ 1435, 1437. Setoff was unknown to the common law, and is entirely a subject of statutory jurisprudence. Id. §§ 1422, 1427. By our statute (subd. 6, sec. 4258, R. S.) setoff may be allowed against such paper when transferred after it became due, clearly excluding them if transferred before due, by a familiar rule. This disposes of other questions raised on the hypothesis that the transactions out of which these notes arose were fraudulent. The exclusion of all evidence tending to show knowledge of the plaintiff of such transactions, without first proving that the notes were transferred after due or without value, was proper. The circuit court properly directed a verdict for the plaintiff.

*By the Court.*— The judgment of the circuit court is affirmed.