## CLARK v. EVANS et al.

### (Circuit Court of Appeals, Eighth Circuit. January 2, 1895.)

### No. 471.

NEGOTIABLE INSTRUMENTS—CONSTRUCTIVE KNOWLEDGE.

Knowledge of such facts as would put a prudent man on inquiry in reference to negotiable paper is, in the absence of bad faith, not sufficient knowledge to affect the rights of a purchaser for value and before maturity.

In Error to the United States Court in the Indian Territory.

This was an action by Mary T. Clark against R. A. Evans and N. P. Blackstone, as partners, under the name of R. A. Evans & Co., on a promissory note. Defendants had judgment, and plaintiff sues out this writ of error.

Francis M. Wolf, R. V. Bowden, and J. H. Koogler, filed brief for plaintiff in error.

William T. Hutchings, filed brief for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This action was commenced in the United States court in the Indian Territory by Mary T. Clark, the plaintiff in error, against R. A. Evans and N. P. Blackstone, as partners, under the name and style of R. A. Evans & Co., to recover the contents of a promissory note for the sum of $416.67, dated May 1, 1891, made by R. A. Evans & Co., payable to the order of T. A. Kyle, 12 months after the date thereof, and by Kyle indorsed to the plaintiff. The defense was that the note was obtained from the makers by fraud, and was without consideration, and that the plaintiff had knowledge of these facts before she purchased the same. The plaintiff claimed to have purchased the note in good faith and for value before maturity. There was evidence tending to support the contention of each party. The defendants had the verdict and judgment, and the plaintiff sued out this writ of error.

In the course of its charge the court told the jury:

"But if you believe that this note had its inception in fraud,—that is, that a fraudulent representation was made to the makers of the note by which the note was acquired,—and if you further believe that the plaintiff knew that this note, at the time she purchased it, had been acquired through fraud, or had knowledge of such facts as would put a prudent man on inquiry, and that inquiry, if prosecuted, would have led to a knowledge of the fraud, then you will find for the defendants."

Exception was taken to this paragraph of the charge, and error has been assigned thereon. The charge was erroneous. "Knowledge of such facts as would put a prudent man on inquiry" would not affect the right of the plaintiff to recover if she was otherwise a bona fide holder for value. One who purchases a negotiable note for value before maturity does not owe the maker the duty of making active inquiry into the origin or consideration of the note, before purchasing the same. His right to recover can only be defeated by showing that he had actual notice of the facts which impeach the validity of the paper. "Knowledge of such facts as would put a prudent man on inquiry" will not suffice.

In Murray v. Lardner, 2 Wall. 110, 121, the court say:

"Suspicion of defect of title or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or gross negligence on the part of the taker, at the time of the transfer, will not defeat his title. That result can be produced only by bad faith on his part. The burden of proof lies on the person who assails the right claimed by the party in possession. Such is the settled law of this court, and we feel no disposition to depart from it. The rule may perhaps be said to resolve itself into a question of honesty or dishonesty, for guilty knowledge and willful ignorance alike involve the result of bad faith."

And in Hotchkiss v. Banks, 21 Wall. 354, 359, the same court said:

"The law is well settled that a party who takes negotiable paper before due for valuable consideration, without knowledge of any defect of title, in good faith, can hold it against all the world. A suspicion that there is a defect of title in the holder, or a knowledge of circumstances that might excite such suspicion in the mind of a cautious person, or even gross negligence at the time, will not defeat the title of the purchaser. That result can be produced only by bad faith, which implies guilty knowledge or willful ignorance, and the burden of proof lies on the assailant of the title."

See, to same effect, King v. Doane, 139 U. S. 166, 11 Sup. Ct. 465; Kneeland v. Lawrence, 140 U. S. 209, 11 Sup. Ct. 786. The

rule announced by the supreme court in these cases is now the settled doctrine. The cases sustaining it are too numerous for citation. For cases in point, and for citations to the authorities generally, see Hopkins v. Withrow, 42 Ill. App. 584; Wilson v. Denton, 82 Tex. 531, 18 S. W. 622; Bank v. Stanley, 46 Mo. App. 440; Richardson v. Monroe (Iowa) 52 N. W. 340.

The judgment of the United States court in the Indian Territory is reversed, and the cause remanded, with directions to grant a new trial.