COOPER ET AL. *v.* HOCKING VALLEY NATIONAL BANK.

[No. 2,511.  Filed June 3, 1898.  Rehearing denied Jan. 4, 1899.]

BILLS AND NOTES.—*Negotiable Instruments.—Interest Due at Time of Purchase of Note.*—A *bona fide* purchaser for value of negotiable paper is within the protection of the law merchant, although the interest on the note purchased was due and unpaid at the time of the purchase.  *pp. 358-360.*

EVIDENCE.—*Bills and Notes.—Admission by Joint Maker.*—A letter from one of the joint makers of a promissory note to the payee thereof containing an admission is admissible in evidence in an action on the note by the assignee thereof.  *p. 360.*

From the Hendricks Circuit Court.  *Affirmed.* ·

*Henry H. Mathias, Silas A. Hays, Frank D. Ader* and *John P. Allee,* for appellants.

*A. J. Vorys, Brill & Harvey* and *B. F. Corwin,* for appellee.

HENLEY, C. J.—This was an action brought by appellee upon a promissory note payable at a bank in this State.  The note was executed and delivered by appellants to McLaughlin Bros., as a part of the purchase price of a stallion purchased by them from said McLaughlin Bros.  The payees, before the maturity of the note, indorsed it to the appellee.  This action was commenced in Marion county, but afterwards the venue was changed to Hendricks county, where the appellants filed an answer consisting of five paragraphs.  Appellee replied to the second, third, fourth, and fifth paragraphs of answer.  Appellants' demurrer to the third paragraph of appellee's reply was overruled.  There was a trial by jury and verdict in favor of appellee for $1,118.23, for which amount the court rendered a judgment in favor of appellee.  Appellants moved for a new trial.  This motion was overruled.  The necessary steps were then taken by appellants to perfect an appeal to this court.

Errors are assigned in this court as follows: (1) The complaint does not state facts sufficient to constitute a cause of action. (2) The court erred in overruling the demurrer of appellants to the third paragraph of the appellee's reply. (3) The court erred in overruling the motion of appellants for a new trial.

Appellants' counsel do not discuss the first error assigned. In discussing the second specification of the assignment of errors, counsel for appellants say: "Was the note, at the time of the indorsement governed by the law merchant? If it was, then the third paragraph of the reply states facts sufficient to avoid the several defenses set up in the paragraphs of answer to which it was directed." The third paragraph of reply plainly avers that appellee purchased the note before maturity, and was a bona fide purchaser for value, and without notice. From this it will be seen that the material question then is, was the note governed by the law merchant? It is contended by counsel that the note, while negotiable under the law merchant at the time of its execution, did not retain its commercial character at the time it came into appellee's hands, because the interest thereon was by the terms of the contract payable annually, and, no interest having been paid, the note was dishonored, and lost its commercial character thereby. At the time of the purchase of the note by appellee two installments of interest were due and unpaid. We do not believe it would serve any good purpose to enter into a discussion of the reasons for or against the rule that interest is an incident of the debt, and that the bona fide purchaser for value of negotiable paper is within the protection of the law merchant, although the interest on the note purchased was due and unpaid at the time of the purchase. The rule is correct, and the great weight of authority sustains it.

1st Daniel on Neg. Inst., section 787; *Nat. Bank of North America* v. *Kirby*, 108 Mass. 497; *Patterson* v. *Wright*, 64 Wis. 289, 25 N. W. 10.

In appellants' motion for a new trial, ten reasons are assigned why the motion ought to be granted. Counsel for appellants discuss only those questions arising under the third, sixth, seventh, eighth, and ninth reasons. The third reason in the motion for a new trial relates to the exclusion of certain testimony. The testimony excluded was not relevant to any of the issues tendered in this cause, and was properly rejected. In the sixth reason for a new trial, the appellants complain of the action of the lower court in admitting in evidence a letter which George B. Cooper, one of the makers of the note in suit, had written to the payees long before the note was purchased by appellant. Cooper was one of the partners in the purchase of the "company stallion," and, in his letter to the payees of the note, said, "The stallion question is settled, and harmony again prevails." It was an admission of one of the parties to the record, and as against himself, and against the others who had a joint interest with him in the matter in litigation, was admissible. It was evidence, also, which tended to show that appellee was a purchaser in good faith of the note in suit, as the payees, armed with this letter, would have no reason to represent to prospective buyers of the paper anything but that the note was good, and would be paid promptly at maturity. This view of the matter supported the testimony of appellee's cashier.

The other reasons in the motion for a new trial relate to the giving and the refusal to give certain instructions. The instructions given we have carefully considered, and must conclude that they were as favorable to appellants as the law and evi-

dence would warrant. The instructions asked by appellants, and refused, were properly refused, because, in so far as they stated the law correctly, the jury were in such manner instructed by the court.

We cannot disturb the verdict upon the weight of the evidence, and, whatever may have been the real merits of this controversy, the record presents no error for which the cause should be reversed. Judgment affirmed.