Decided 19 November, 1900.

## UNITED STATES NATIONAL BANK *v.* FLOSS.

[63 Pac. 751.]

INSTALLMENT NOTE — NONPAYMENT OF INTEREST AS A DISHONOR.

1.   A note that is by its terms payable in installments together with accrued interest to the respective times of payment, is not dishonored or rendered overdue by a failure to pay the interest with each installment, the interest being only an incident of the debt.

NOTE — BREACH OF COLLATERAL CONTRACT AS A DEFENSE.

2.   The breach of an executory contract which is the consideration for a negotiable promissory note is not a defense at all against such note in the hands of an indorsee for value before maturity, even if he had notice of the contract, unless before purchasing he also knew of the breach.

From Multnomah: ARTHUR L. FRAZER, Judge.

Action on a note by the United States National Bank of Portland against L. Ferd Floss. An appeal was taken by defendant from an order sustaining a demurrer to the answer.                                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Robert C. Wright.*

For respondent there was a brief and an oral argument by *Mr. Richard W. Montague.*

MR. CHIEF JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

Action by the United States National Bank against L. Ferd Floss upon a promissory note for $639, executed and delivered by the defendant to Leaner Gray on November 1, 1892, and by her assigned to the plaintiff before maturity. The note contains the stipulation that it shall be paid "in monthly installments of fifteen or more dollars each month, together with the full amount of interest due on this note at

the time of payment of each installment; the first install-
ment to be paid one month from the date hereof, and the
other installments monthly thereafter until the whole sum
has been paid." Each installment of the principal had been
paid as stipulated prior to the assignment to the plaintiff,
but no payment had been made on the interest. As a defense,
the answer sets up (1) that plaintiff is not a *bona fide* holder,
but took the note with notice of its dishonor on account of
the defaulted interest; (2) that the consideration for the
note, of which plaintiff had notice at the time of its pur-
chase, was a bond for a deed, made by the payee, containing
a stipulation that upon payment of the note at maturity she
would convey to the maker certain described premises by
good and sufficient warranty deed, free from all liens and
incumbrances, and that the title to the land so agreed to be
conveyed became incumbered by a judgment lien or other-
wise some time between April 22 and December, 1895, and
hence she was unable at the maturity of the note to comply
with her bond. A general demurrer to the answer was sus-
tained, and its sufficiency is the sole question on this appeal.

1. It is first contended that the note upon which the ac-
tion is based was dishonored at the time of the purchase by
the plaintiff, because of the default in the payment of interest.
Several decisions are cited in support of this contention *(First
National Bank* v. *Com'rs of Scott County,* 14 Minn. 77, 100
Am. Dec. 194; *Newell* v. *Gregg,* 51 Barb. 263; *National
Bank of North America* v. *Kirby,* 108 Mass. 497; *Vinton* v.
*King,* 4 Allen, 562; *Chouteau* v. *Allen,* 70 Mo. 290), some
of which, but not all, hold that a failure to pay interest at
the agreed date constitutes dishonor of negotiable paper.
But the better rule, and the one supported by the text writers
and the great weight of authority, is that a note is not over-
due by reason of a failure to pay interest prior to the ma-
turity of the principal, in the absence of a stipulation to that
effect, because the interest is a mere incident to the debt:

•

Tiedeman, Com. Paper, § 297; 1 Daniel, Neg. Inst. (4 ed.), § 787; *Kelley* v. *Whitney,* 45 Wis. 110 (30 Am. Rep. 697) ; *Patterson* v. *Wright,* 64 Wis. 289 (25 N. W. 10) ; *Cooper* v. *Hocking Val. Nat. Bank,* 21 Ind. App. 358 (50 N. E. 775). And certainly this must be so where a note is payable in installments, each of which has been promptly paid as it fell due. The reason for the rule that negotiable paper transferred after maturity is subject to the same defenses in the hands of an assignee as could have been made between the original parties is that payment must be presumed to have been withheld because the maker had some defense. But this reason cannot apply where the installments of principal have been regularly paid, although there may have been default in the payment of interest.

2. It is next insisted that the plaintiff had such notice of the infirmity of the note as would subject it to any defense good against the assignor. The only allegation in the answer upon this subject is "that plaintiff and its officers well knew that interest on unpaid balances at the time of the maturity of many installments was not paid, and plaintiff well knew of the true condition of the title to the said lot, and of clouds upon the same, long prior to May 27, 1896, and at all such times had full knowledge of the facts herein set out, and of facts sufficient to put plaintiff upon full inquiry concerning the said payments, defaulted interest, the bond given in connection with the note, and of the title, and plaintiff also well knew said things long prior to the maturity of the last installment of said note, and long prior to any time when the plaintiff may have become possessed of said note either as collateral security or in its own right." This allegation falls far short of an averment that plaintiff had knowledge of the breach of the bond for a deed when the note was transferred to it. It may possibly be construed to charge that plaintiff knew of the defaulted interest and the consideration of the note at the time of its purchase. But, even if this be true,

the failure or inability of the payee to comply with the terms and conditions of her bond is no defense to this action. Mr. Tiedeman says (Com. Paper, § 300) : "The authorities generally hold that the purchaser of commercial paper is not burdened with the requirement to see to the execution and full performance of the consideration, merely because he knows what it is." And in 1 Parsons, Notes & Bills, 261, it is laid down that "knowledge on the part of the holder, at the time he took the note, that it was not to be paid on a specified contingency, is not sufficient to defeat his right to recover, although the contingency had then happened, if he was ignorant of this fact."

In *Jennings* v. *Todd,* 118 Mo. 296 (40 Am. St. Rep. 373, 24 S. W. 148), Mr. Justice MacFarlane says: "No well-considered case can be found in which a collateral contemporaneous agreement providing that the note should not be paid in the event that an executory contract, which was the consideration of the note, should not be performed, has been allowed to defeat the negotiability of the note in the hands of an indorsee, though he had notice of such agreement. A great part of the improvement of the country, and of business generally, is carried on with money raised by the discount of notes given upon executory contracts; and if the maker could be allowed to defend against such notes, in case of a breach of contract, on the ground that the indorsee, though in other respects *bona fide,* had knowledge of the transaction out of which the note grew, all confidence in such notes as negotiable paper would be destroyed, and such business would be paralyzed. By making and delivering a negotiable note, the maker is held to intend that it may be put in circulation, and that no defenses against it exist. In purchasing such note, no inquiry as to the consideration is required. If a failure of consideration occur, the maker must look to the payee for indemnity." The breach of an executory contract which forms the consideration for a ne-

gotiable promissory note is not, therefore, a defense in whole or in part against an indorsee who took the note for value before maturity, even if he had notice of the contract, unless he was also informed of the breach before its purchase: *Miller* v. *Ottaway,* 81 Mich. 196 (21 Am. St. Rep. 513, 45 N. W. 665) ; *Nebraska Nat. Bank* v. *Pennock,* 55 Neb. 188 (75 N. W. 554) ; *Davis* v. *McCready,* 17 N. Y. 230 (72 Am. Dec. 461) ; *Siegel* v. *Chicago Trust & Sav. Bank,* 131 Ill. 569 (23 N. E. 417, 7 L. R. A. 537, 19 Am. St. Rep. 51). These decisions cover many aspects of the question, from a collateral oral agreement to the recital of the contract or consideration in the note itself. The opinions cover the different phases of the matter so fully, and answer every objection so completely, that it would he unprofitable for us to attempt to restate the argument.

Having reached the conclusion that the note was not dishonored at the time of its purchase by the plaintiff on account of a failure to pay the interest when due, and that the defendant cannot set up as a defense thereto a breach of the bond occurring subsequent to the transfer, it necessarily follows that the answer does not state facts sufficient to constitute a defense, and the demurrer was properly sustained.

Affirmed.