### McPHERRIN v. TITTLE *et al.*

No. 2445.   Opinion Filed January 7, 1913.

(129 Pac. 721.)

1.   **BILLS AND NOTES**—"Bona Fide Holder." The owner of a negotiable promissory note, who obtains it before maturity for a valuable consideration, without knowledge of any defect of title, and in good faith, holds it by a title valid against all the world.

2.   **SAME**—Suspicion as to Title. Suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, will not defeat his title; that result can be produced only by bad faith on his part.

3.   **SAME**—Bona Fide Purchaser—Default in Interest. A negotiable promissory note is not dishonored by reason of a failure to pay interest prior to maturity of the principal, in the absence of a stipulation in the note to that effect; but the fact that interest is due and unpaid is a material circumstance bearing on the question of whether the purchaser acquired the note in good faith and without notice of prior equities or infirmities in the title. (Syllabus by Sharp, C.)

*Error from District Court, Adair County;*
*John H. Pitchford, Judge.*

Action by Grant McPherrin against J. M. Tittle and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with instructions.

*Arnold & Chase,* for plaintiff in error.

*R. Y. Nance,* for defendants in error.

Opinion by SHARP, C. Plaintiff in error, hereinafter designated as plaintiff, sued defendants in error, hereinafter

designated as defendants, as makers of a negotiable promissory note, made payable to G. L. Clark and A. F. Hennessey or order, and by them indorsed, and afterwards purchased by and delivered to plaintiff by the indorsee for a valuable consideration before maturity. Defendants admitted the execution of the note, but charged that their signatures thereto were fraudulently obtained by the payees thereof; that said notes were signed by the makers conditioned upon the payees thereof obtaining the signatures of other responsible parties; that there was a total failure of consideration; that plaintiff was not the owner of said note for value, but was well aware, at the time of its purchase, of the fraud practiced by the payees thereof in obtaining the signatures of defendants to said note. It is urged that the trial court committed numerous errors, but one of which it will be necessary to consider. In its charge to the jury, one of the three instructions given is as follows:

"(3)   You are instructed that if you find from the evidence that the plaintiff was an innocent purchaser of the note sued on before maturity and for a valid consideration, then he is entitled to recover; but if you find from the evidence that the note was not complete when same was assigned to the plaintiff, and the plaintiff had knowledge of that fact, or of circumstances sufficient to put an ordinarily prudent person upon inquiry, and he failed to institute such inquiry, then you should find for the defendants."

That there is authority supporting the rule announced, we grant; but it is not the rule in this jurisdiction, and we believe it to be a principle now well settled that neither a suspicion nor defect of title, knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or put him on inquiry, will affect his right, unless the circumstances or suspicions are so cogent and obvious that to remain passive would amount to bad faith. A discussion of the early and modern cases, however, is unnecessary in view of the conclusions reached by this court in *Forbes v. First Nat. Bank of Enid*, 21 Okla. 296, 95 Pac. 785, where the question is discussed at length. It is there said:

"It is contended by plaintiff in error that the conduct of

Goltry in going to the Citizens' Bank after banking hours and obtaining the draft in question, and the other items of remittance which had been received by the Citizens' Bank during that day and the government bond and a note in settlement of the balance due by the Citizens' Bank to the First National Bank, when Goltry had knowledge that the Citizens' Bank was in failing condition, and that it had acquired said draft on that day, establishes the bad faith of the plaintiff in taking the draft. He contends that the circumstances under which the draft was obtained were such as should have created a suspicion in the mind of Goltry and put him upon inquiry, and that his not having made inquiry of the assistant cashier of the Citizens' Bank as to how he obtained the draft establishes the bad faith of the plaintiff. We think this contention not well founded; for it has become the well-established rule in the federal courts of the Union and in the greater number of state courts that suspicion of defect of title, or even gross negligence on the part of a taker of a negotiable instrument, will not defeat his title. *Atlas National Bank v. Holm et al., supra; Murray v. Lardner,* 2 Wall. 110, 17 L. Ed. 857; *Hotchkiss v. National Banks,* 21 Wall. 354, 22 L. Ed. 645; *Clark v. Evans et al.,* 66 Fed. 263, 13 C. C. A. 433; *Goodman v. Simonds,* 20 How. 343, 15 L. Ed. 934; 1 Daniel on Negotiable Instruments, 766. In *Murray v. Lardner, supra,* Mr. Justice Swain, speaking for the court, said: "The possession of such paper carries the title with it to the holder. The possession and title are one and inseparable. The party who takes it before due for a valuable consideration, without knowledge of any defect of title, and in good faith, holds it by a title valid against all the world. Suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or gross negligence on the part of the taker, at the time of the transfer, will not defeat his title. That result can be produced only by bad faith on his part."

In *First Nat. Bank of Watonga et al. v. Wade et al.,* 27 Okla. 102, 111 Pac. 205, 35 L. R. A. (N. S.) 775, it was said:

"We are inclined to agree with counsel that there was not sufficient evidence adduced to show bad faith on the part of their clients in acquiring these notes and mortgages. This court is committed to the doctrine that bad faith, not merely a notice of circumstances sufficient to put a prudent man on inquiry, is necessary to defeat recovery by the holder of negotiable paper, whose right accrued before maturity."

See, also, *Shawnee Nat. Bank v. Wootten & Potts,* 24 Okla.

425, 103 Pac. 714; *Moore v. First Nat. Bank of Iowa City,* 30 Okla. 623, 121 Pac. 626. Many authorities sustaining the views of this court, as previously expressed, may be found in Joyce's Defenses to Commercial Paper, secs. 475, 476, 477, where it is said in the text that merely suspicious circumstances or carelessness are insufficient to necessitate inquiry, and prevent a person from being a *bona fide* holder; nor is mere suspicion evidence of negligence which will defeat a right to recover as a *bona fide* holder. From what has been said it clearly follows that the instruction mentioned did not correctly state the law defining the rights of plaintiff. The question was one of good faith on his part; and knowledge of circumstances sufficient only to put an ordinarily prudent person upon inquiry was not sufficient to defeat his title and right of recovery.

It is insisted, however, by counsel for defendants in error, in his brief, that at the time of plaintiff's purchase of the note it had already been dishonored, and that therefore plaintiff could not be classed as an innocent purchaser for value before maturity, without notice. The note was dated October 15, 1908, and matured November 1, 1909. It bore interest from date at the rate of eight per cent. per annum, and which interest was made payable annually. The interest, therefore, on the note was due October 15, 1909, or sixteen days before the note matured. The plaintiff testified that he purchased the note of a former indorsee on October 27, 1909, which would be twelve days after the interest was due. Is the fact that interest is overdue and unpaid, of itself, sufficient to affect the purchaser of a negotiable note with notice that the instrument is dishonored? There are decisions so holding, among which are the following: *First Nat. Bank of St. Paul v. County Commissioners,* 14 Minn. 77 (Gil. 59), 100 Am. Dec. 194; *Hart v. Stickney,* 41 Wis. 630, 22 Am. Rep. 728; *Newell v. Gregg,* 51 Barb. (N. Y.) 263; *First Nat. Bank v. Forsyth,* 67 Minn. 257, 69 N. W. 909, 64 Am. St. Rep. 415; *Chouteau v. Allen,* 70 Mo. 290, 339; *Merchants' Nat. Bank v. Brisch,* 154 Mo. App. 631, 136 S. W. 28; *Citizens' Savings Bank v. Couse,* 68 Misc. Rep. 153, 124 N. Y. Supp. 79.

In the Forsyth case the rule announced in the earlier case

of *First Nat. Bank v. Scott County,* 14 Minn. 77 (Gil. 59), 100 Am. Dec. 194, was seriously questioned by the court; but it was said that, having stood unchallenged for 27 years, it would not be disturbed, upon the ground, if no other, of *stare decisis.* In *Kelley v. Whitney,* 45 Wis. 110, 30 Am. Rep. 697, the Supreme Court of Wisconsin, referring to the earlier case of *Hart v. Stickney,* observed that when the case of *Hart v. Stickney* was decided attention had been called to the earlier case of *Boss v. Hewitt,* 15 Wis. 260, where a directly opposite conclusion was reached. Referring to the conflict in the opinions of the court, and the occasion thereof, it was said:

"And as the earlier case of *Boss v. Hewitt* was entirely overlooked, which, by implication, is sustained by many decisions of this court, made in the farm mortgage cases, and in cases arising upon town, county, and city bonds, we deem it our duty to adhere to the rule that a purchaser for value of unmatured commercial paper, with interest overdue, is not from that fact alone affected with notice of the prior equities or infirmities in the title."

The better rule, and the one supported by the text-writers and the weight of authority, is that a note is not overdue by reason of a failure to pay interest prior to the maturity of the principal, in the absence of a stipulation to that effect, because the interest is a mere incident to the debt. Tiedeman on Commercial Paper, sec. 109; 1 Daniel on Negotiable Instruments (4th Ed.) sec. 787; *Gilbough v. Norfolk & P. R. Co.,* 1 Hughes, 410, Fed. Cas. No. 5,419; *Preble v. Board of Supervisors,* 8 Biss. 358, Fed. Cas. No. 11,380; *State v. Cobb,* 64 Ala. 127; *Morton et al. v. New Orleans, etc., Ry. Co.,* 79 Ala. 590; *National Bank of North America v. Kirby,* 108 Mass. 497; *McLane v. Placeville & S. V. Ry. Co.,* 66 Cal. 606, 6 Pac. 748; *Cooper v. Hocking Valley Bank,* 21 Ind. App. 358, 50 N. E. 775, 69 Am. St. Rep. 365; *Cooper v. Merchants', etc., Nat. Bank,* 25 Ind. App. 341, 57 N. E. 569; *Patterson v. Wright,* 64 Wis. 289, 25 N. W. 10; *United States Nat. Bank v. Floss,* 38 Ore. 68, 62 Pac. 751, 84 Am. St. Rep. 752; *Town of Ontario v. Hill,* 33 Hun (N. Y.) 250, affirmed 99 N. Y. 324, 1 N. E. 887; *Cromwell v. County of Sac,* 96 U. S. 51, 24 L. Ed. 681; *Indiana & Illinois Central Ry.*

*Co. v. Sprague,* 103 U. S. 756, 26 L. Ed. 554; *Town of Thompson v. Perrine,* 103 U. S. 806, 26 L. Ed. 612; *Morgan v. United States,* 113 U. S. 476, 5 Sup. Ct. 588, 28 L. Ed. 1044. Many of the authorities cited are reviewed by Somerville, Jr., in *Morton et al. v. New Orleans, etc., Ry. Co., supra,* where the conclusion was reached that negotiable bonds not due, with attached coupons past due and unpaid, did not thereby appear dishonored on their face; but the presence of such unpaid coupons was considered a material circumstance bearing on the question of whether the purchaser acquired them in good faith and without notice. But while the nonpayment of interest when due will not be given the effect contended for, it is a fact proper to be considered by the jury, in connection with all the other facts and circumstances, on the question whether plaintiff is entitled to the position of one who has taken in good faith and without notice of existing defenses. *Kelley v. Whitney,* 45 Wis. 110, 30 Am. Rep. 697; *Nat. Bank of North America v. Kirby,* 108 Mass. 497. As already noted, the question for determination is one of bad faith on the part of plaintiff, if defendants are to escape liability. To that end proof that interest on the note was past due and unpaid when purchased, and all other facts and circumstances connected with plaintiff's acquiring title to said note, would be competent evidence to go to the jury under proper instructions from the court.

The cause should be reversed and remanded, with instructions to grant plaintiff a new trial, and for further proceedings consistent with this opinion.

By the Court: It is so ordered.