**LANDAUER v. SUBLETT, Adm'x, et al.**

No. 17446. Opinion Filed Sept. 13, 1927.

(Syllabus.)

1. **Mortgages—Bills and Notes—Innocent Purchasers.**

Suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, will not defeat his title; that result can be produced only by bad faith on his part.

2. **Same—Mortgage as Incident of Negotiable Note.**

A mortgage given as security for a negotiable note is an incident thereto, and is entitled to the same protection in the hands of an innocent purchaser before maturity as the note itself.

3. **Bills and Notes—Innocent Purchasers—Constructive Notice of Infirmities not Applicable.**

The purchaser in good faith and for value of underdue negotiable paper is not chargeable with constructive record notice of defects and infirmities in the title of the transferrer not apparent on the face of the instrument, the true test in such cases being the presence or absence of bad faith.

4. **Trial—Submission of Issues to Jury—Conclusiveness of Uncontradicted Evidence.**

Where the evidence upon a certain question is uncontradicted, and not inherently improbable, either in itself or in connection with any other circumstances, but conclu-

sively establishes the facts presented, it is error to submit questions of fact to the jury, but the court should advise the jury of the conclusive nature of said evidence.

5. **Same—Erroneous Submission as Question of Fact.**

Record examined, and held, upon the question of cross-petitioner being an innocent purchaser, the evidence was uncontradictory and conclusive, and it was error for the court to submit the question of fact to the jury.

Error from District Court, Garvin County; A. C. Barrett. Judge.

Action by T. B. Sublett and Sallie May Sublett against the Conservative Loan & Trust Company and Mrs. Samuel Landauer to cancel a mortgage in which the defendant Mrs. Samuel Landauer filed cross-petition to foreclose said mortgage. Judgment for plaintiff, from which defendant Mrs. Samuel Landauer appeals. Reversed and remanded, with directions.

Robinson & Oden, for plaintiff in error.

Bowling & Farmer, for defendants in error.

MASON, V. C. J. Sometime in the year 1921, the defendant in error T. B. Sublett bought a farm in Garvin county from J. T. Hopkins, subject to an outstanding mortgage in the sum of $2,500 which was held by the Augustanna College and Theological Seminary. Sublett thereafter, being desirous of paying this $2,500 mortgage, which was about due. made a new mortgage on said lands in the principal sum of $3,500 to the Conservative Loan & Trust Company. Said company paid Sublett approximately $700. and, at Sublett's request, was to pay taxes and other expenses amounting to approximately $300, and was to pay the $2,500 mortgage held by the aforesaid college. The Conservative Loan & Trust Company sold its $3,500 note and mortgage securing the same to Mrs. Samuel Landauer, but the $2,500 mortgage was never paid by said company and released of record. Thereafter. on December 29, 1923, Sublett and his wife commenced an action in the district court of Garvin county against the Conservative Loan & Trust Company, Mrs. Samuel Landauer, and others to cancel the $3,500 mortgage and tendered back the $700 he had received. After that suit was brought, the Augustanna College and Theological Seminary brought suit to foreclose its mortgage, and Mrs. Landauer filed an answer and cross-petition seeking to foreclose the $3,500 mortgage, alleging that she was the holder in due course of said note and mortgage.

The two causes were consolidated and came on for trial on December 2. 1925, and the court sustained a motion for judgment on the pleadings and rendered judgment for the Augustanna College and Theological Seminary foreclosing its mortgage of $2,500 as a first mortgage on said lands. Sublett admitted the execution of the $3,500 note and mortgage, and the issue of whether or not Mrs. Landauer was a holder thereof in due course was submitted to a jury. For convenience, the Subletts will hereinafter be referred to as the plaintiffs, and Mrs. Landauer will be referred to as the cross-petitioner.

After the cross-petitioner introduced said $3,500 note and mortgage and rested, the plaintiff T. B. Sublett, as a witness, admitted purchasing said land subject to the $2,500 mortgage above referred to, and that he and his wife later executed the $3,500 note and mortgage. He further testified that it was executed for the purpose of taking up the $2,500 mortgage, which was almost due, and that the Conservative Loan & Trust Company was to pay taxes amounting to approximately $300, and that the remaining $700 was paid to him; that he received no other consideration for said note and that the Conservative Loan & Trust Company never paid the first loan of $2,500. This is all the evidence offered by the plaintiffs. This was sufficient to show a failure of consideration for the $3,500 note and mortgage delivered to the Conservative Loan & Trust Company, and under section 7729, C. O. S. 1921. the burden was on Mrs. Landauer to prove that she acquired the title thereto as a holder in due course. A holder in due course is defined by section 7722. C. O. S. 1921, as a holder who has taken the instrument under the following conditions: (1) That it is complete and legal upon its face; (2) that he became the holder of it before it was overdue and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

The evidence on behalf of cross-petitioner was substantially as follows:

Samuel Landauer testified that he was the husband of cross-petitioner; that he was in the dry goods business in Medina, N. Y.; that it was his custom to invest part of his funds for the benefit of his wife and to take the security in her name; that theretofore

he and many other persons in that neighborhood had invested in Oklahoma farm loans; that he had no knowledge of any trouble with such loans; that he purchased the $3,500 note and mortgage involved herein from Mr. Vincent White, a local agent who was selling loans for the Conservative Loan & Trust Company; that he paid $3,520 for the same, being $3,500 principal and the accrued interest; that he had no knowledge of anything which would cause him to suspect that the Conservative Loan & Trust Company had not paid out on the loan; that he received an assignment of the note and mortgage, which was made out to his wife; that she had knowledge of such transaction; that before consummating said transaction he made an investigation of the Conservative Loan & Trust Company and found that it had a good reputation and was an old established farm loan company.

Vincent White testified that he was a security salesman and had been selling Mr. Landauer Oklahoma farm mortgages of Gum Brothers of Oklahoma City for a number of years; that Mr. Landauer purchased the note and mortgage involved herein through him: that Mr. Landauer came to him for a Gum Brothers loan, but he did not have any at that time; that he knew different concerns in the neighborhood who were selling loans for the Conservative Loan & Trust Company; that he had confidence in their judgment and knew that they had been selling these loans for several years and had not had any trouble with the same; that, therefore, he negotiated the transaction whereby Mr. Landauer purchased the note and mortgage involved herein.

Mrs. Samuel Landauer testified to facts substantially the same as that of her husband relative to purchasing other loans as well as the one involved herein, and that she was the present owner of said note and mortgage and that she had no knowledge that the Conservative Loan & Trust Company had not paid the Subletts the full consideration for the same.

Frederick M. Thompson testified that he had been an agent for the sale of loans of the Conservative Loan & Trust Company in the neighborhood of Medina and Albion, N. Y. for a number of years, and that he had never known of any trouble in connection with any of the said loans, and that a great many of said loans had been sold in that community for a number of years, and that they were regarded as a good investment by the people of that neighborhood.

At the close of all the evidence in the case, the cross-petitioner moved for an instructed verdict, which the court denied, after which the case was submitted to the jury, which returned a verdict for the cross-petitioner, Mrs. Samuel Landauer, for $700, upon which the court rendered judgment, and from which the cross-petitioner appeals.

Since the filing of the appeal in this court, the defendant in error, T. B. Sublett, departed this life and the cause has been revived against Sallie May Sublett, administratrix, and Sallie May Sublett, W. T. Sublett, H. H. Sublett, and E. D. Sublett, as heirs of T. B. Sublett, deceased.

For reversal. it is first urged that the trial court erred in refusing the request of plaintiff in error for a peremptory instruction at the close of all the evidence.

This court, in defining an innocent purchaser regarding defect of title, has announced the following **rule**:

"Suspicion of defect of title of the knowl-edge of circumstances which would excite suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, will not defeat his title; that result can be produced only by bad faith on h's part."

See McPherrin v. Tittle, 36 Okla. 510, 129 Pac. 721; Forbes v. First Nat. Bank of Enid, 21 Okla. 206, 95 Pac. 785; Fleming v. Drew, 88 Okla. 160, 212 Pac. 306.

Defendants in error insist that, although they introduced no evidence in support of their allegation that the plaintiff in error was not a holder in due course, yet the trial court properly submitted the issue to the jury. and in support of such contention cite Continental Ins. Co. v. Chance, 48 Okla. 324, 150 Pac. 114, wherein the following rule is announced:

"Even though the defendant offers no evidence in rebuttal, where defendant has denied plaintiff's case, and the evidence introduced on the part of the plaintiff to prove his case was of such a nature that men of ordinary intelligence might draw different conclusions therefrom, it would be error for the court to instruct a verdict."

It is their contention that the fact that the $2,500 mortgage was outstanding and unreleased of record against said property at the time the note and mortgage was purchased by Mrs. Landauer was a sufficient circumstance from which the bad faith of the purchaser might be inferred.

The rule is well settled by repeated decisions of this court that where a mortgage is given to secure a negotiable promis-

sory note, the note imparts its negotiable character to the mortgage, and both are brought within the purview of the statutes dealing with commercial paper, and that the mortgage is a mere incident to the note. The doctrine of constructive notice is applicable only to a person who is dealing with the land itself, and since the purchaser of a negotiable promissory note, secured by a mortgage, is not dealing in land, there is no field for the operation of the registry laws in cases of this kind. Foster v. Augustanna College and Theological Seminary, 92 Okla. 96, 218 Pac. 355. The doctrine of constructive notice has never been applied to commercial paper, but the true test as to negotiable paper is that of good or bad faith.

Section 7726, C. O. S. 1921, provides:

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

In our opinion, there was no sufficient evidence to submit the question of innocent purchaser to the jury, because the evidence was not improbable, nor were there any circumstances or facts taken in connection with the purchase of said note and mortgage that would impute knowledge to the cross-petitioner that the note had not been paid out by the Conservative Loan & Trust Company. Therefore, it was error for the court to submit this question to the jury. The jury should have been advised that the evidence of the cross-petitioner was uncontradicted and conclusive and that it was their duty to so find and return a verdict for the cross-petitioner.

For the reasons stated, the judgment is reversed and remanded, with directions to enter judgment for the cross-petitioner, as no defense is disclosed from the evidence.

BRANSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.