GOLD BROTHERS SECURITY CO. et al, Appellants, v.
FIDELITY TRUST CO. et al, Respondents.

(195 N. W. 830.)

(File No. 5098. Opinion filed November 15, 1923.)

**Bills and Notes—Negotiable Instruments—Actual Notice of Defect in Seller's Title Necessary to Defeat Rights of Purchaser of Negotiable Instrument.**

Under Rev. Code 1919, Secs. 1610, 1760, the rights of a holder of a negotiable instrument for value before maturity cannot be defeated without proof of actual notice of defect in

seller's title, or of bad faith on the part of the purchaser; such knowledge as would put a prudent person on inquiry being insufficient.

Polley, J., dissenting.

Appeal from Circuit Court, Grant County; Hon. FRANK ANDERSON and HON. JOHN F. HUGHES, Judges.

Action by the Gold Bros. Security Company and others against the Fidelity Trust Company and the Fidelity National Bank and Trust Company. From a judgment for defendant, and from an order overruling motion for new trial, plaintiffs appeal. Affirmed.

*Thad L. Fuller,* of Milbank, and *Howard G. Fuller,* of Pierre, for Appellants.

*Campbell & Fletcher,* of Aberdeen, and *Bowersock & Fizzell,* of Kansas City, Mo., for Respondent.

GATES, J. This action was brought to determine the ownership of a promissory note for $1,200 and a mortgage on a certain quarter section of land in Grant county given to secure the payment of said note. The note and mortgage were payable to and were owned by Gold Bros. Security Company, a South Dakota corporation, hereinafter referred to as the plaintiff. Some four months after the execution of the note and mortgage, plaintiff received a telegram from one Frank Wood, at Kansas City, Mo., to the effect that he had a customer for about $6,000 in farm loans, and, if plaintiff could supply such customer, to make assignments in blank of such securities, and that he would remit for same. Pursuant to such telegram, plaintiff indorsed said note in blank, and executed and acknowledged an assignment in blank of the said mortgage, and forwarded the note and mortgage, and the blank assignment thereof, and also an abstract of the title to the land described in the mortgage, to said Wood. In the letter of transmittal accompanying said papers, plaintiff directed Wood to return said papers together with his remittance, advising plaintiff of the name of the purchaser of the note and mortgage, and that plaintiff would then fill out the assignment, have the same recorded, and return it to Wood. Wood failed to dispose of said note and mortgage as proposed in said telegram, and failed to return the same to plaintiff as directed, and shortly thereafter, pretending and representing that he was the owner of said note

and mortgage, pledged the same to defendant as security for a loan from defendant to himself. He defaulted in the payment of the said loan, whereupon defendant inserted its own name as indorsee of the note and assignee of the mortgage, and caused said assignment to be recorded in the office of the register of deeds of Grant county. Plaintiff then brought this action, in which it asks to have the said assignment canceled and set aside, and that plaintiff be decreed to be the owner of said note and mortgage. Findings of fact and judgment were for defendants, and plaintiffs appeal.

It is contended by appellants that the question to be determined upon this appeal is whether defendant had such knowledge as would have put a prudent person upon inquiry as to the extent of Wood's authority to dispose of the note and mortgage and that upon that question the evidence would clearly preponderate in favor of appellants. We concede that the evidence would so preponderate were that the question before us. We concede that the law of this state was as is contended for by appellants prior to the adoption of the Negotiable Instruments Law, but the adoption of that law aligned this state with what is known as the majority rule. Now the right of a holder of a negotiable instrument for value before maturity cannot be defeated without proof of actual notice of the defect in the seller's title or of bad faith on the part of the purchaser. Rev. Code 1919, §§ 1610, 1760; Oschenreiter v. Block, 42 S. D. 154, 173 N. W. 736.

The findings of the trial court, sustained by the evidence, negative any bad faith on the part of defendant and negative actual notice on its part of the defect in Wood's title to the note. Defendant was therefore a holder in due course of the note, and consequently of the mortgage security, and the judgment and order of the trial court should be, and they are, affirmed.

ANDERSON, J., not sitting.

POLLEY, J. (dissenting). There is but one question to be determined in this case, and that is, Was the defendant an innocent purchaser of the note and mortgage, or did it have such knowledge as would put a prudent person upon inquiry as to the extent of Wood's authority to dispose of said note and mortgage? The note upon its face is negotiable, and had it not been accom-

panied by the mortgage and the blank assignment thereof, there is nothing that would have given rise to a suspicion that Wood was exceeding his authority in disposing of the note and mortgage. His possession and apparent ownership gave him, prima facie at least, authority to fill up the blank name of the indorsee of the note either with his own name or the name of the party to whom he sold it, or he could leave it blank and the party to whom he sold it could fill up such blank. Code 1919, § 1739. But the assignment of the mortgage presents an entirely different situation. A mortgage is not a negotiable instrument, neither is the assignment of the mortgage, and in the technical sense in which that term is used in the statute there is no such thing as a holder in due course of a mortgage.

The transfer of the note alone would have carried with it the security of the mortgage. Code 1919, § 1551. And the transferee could upon default have gone into a court of equity and foreclosed the mortgage and had the mortgaged property subjected to the payment of the note, but he could not have foreclosed by advertisement. Kenny et al. v. McKenzie, 23 S. D. 111, 120 N. W. 781, 49 L. R. A. (N. S.) 775.

But the defendant was not dealing for the note alone. In addition to the note was the mortgage, the assignment thereof, and an abstract of title to the real estate described in the mortgage. It was shown by the evidence in the case that the defendant looked to the security rather than to the note for its protection. It was apparent from the instruments accompanying the note that the mortgage was still the property of Gold Bros., or at least it would take some act by them, or by an agent authorized thereto in writing, to fill up the assignment of the mortgage. Code 1919, § 1249. This condition of the security was sufficient to put defendant upon inquiry. Ordinary prudence required that it call upon Wood for his authority to negotiate the mortgage, or upon Gold Bros. to complete the assignment. Such inquiry would at once have disclosed the fact that Wood had no authority to transfer or deliver the note or mortgage to any one whatever. Defendant knew as a matter of law that it had no authority to insert its name in the assignment of the mortgage and that such act conferred no rights upon it. Defendant did not act in good faith under the provisions of either section 1610 or section 1760, and

in Oschenreiter v. Block, 42 S. D. 154, 173 N. W. 736, the note involved was not accompanied by any instrument or circumstance to suggest inquiry as to the holder's title to the note.

The principle involved in this case is the same as that in Ellis v. Wait, 4 S. D. 454, 57 N. W. 229. In that case the defendant executed and acknowledged a mortgage with the amount to be secured thereby left blank, but with the understanding with the agent of the plaintiff that the amount should not exceed $1,000. After the mortgage had been so executed and acknowledged, and without the knowledge of the defendant, the amount was inserted at $1,500 instead of $1,000. In regard to the effect of such act this court said:

"Such mortgagee, taking the mortgage with notice that it was so executed in blank, and is filled up by an agent, takes it with full knowledge that it was an imperfect mortgage as it came from the hands of the maker, and that, unless the same is filled up by the agent strictly in pursuance of the authority conferred, the maker is not bound by it, and that it is not his mortgage. If, having notice of the defect in the mortgage, the mortgagee chooses to take it and rely upon the good faith of the agent in filling the blank, without requiring the mortgage to be reacknowledged after the blank is filled up, he assumes the risk that it is filled up in accordance with the authority conferred upon the agent, and, if it is not so done, the mortgage will be void as to the party whose instructions have not been followed. We think there is no injustice in requiring a mortgagee dealing with an agent, under the circumstances disclosed in the case at bar, to ascertain the extent of the agent's authority to fill the blank, and requiring him to assume the risk of the agent exceeding his authority."

It is true that the defendant in this case did not have actual knowledge of Wood's lack of authority to dispose of the note and mortgage in the manner in which he did, but such inquiry as was reasonably suggested by an inspection of the papers accompanying the note would at once have disclosed such knowledge.

From this it follows necessarily that defendant was not an innocent purchaser and acquired no interest, as against plaintiff, in the note and mortgage involved.

The judgment and order appealed from ought to be reversed.

Note.—Reported in 195 N. W. 830.   See, Headnote, American Key-Numbered Digest, Bills and notes, Key-No. 337, 8 C. J. Sec. 710.

On question of what circumstances are sufficient to put purchaser of negotiable paper on inquiry, in order to secure rights of a bona fide holder, see notes, in 29 L. R. A. (N. S.) 351, 44 L. R. A. (N. S.) 395, and L. R. A. 1918F, 1148.

For Uniform Negotiable Instruments Act, see Rev. Code 1919, Secs. 1705 et seq., 8 U. L. A. 7.

On Rev. Code 1919, Sec. 1760, see annotations, Kerr's Cyc. Codes, 1920, Civ. Code, Sec. 3137.