BARBOUR, Respondent, v. FINKE, Appellant.

(201 N. W. 711.)

(File No. 5643. Opinion filed December 31, 1924.)

1. **Bills and Notes—Holder in Due Course—Negotiable Instruments —Note Not Dishonored by Interest Due Being Unpaid at Time of Purchase.**

That interest due was unpaid when a note was bought, the principal not being due, does not render the note dishonored, within Rev. Code 1919, Sec. 1756, making it an essential element of a holder in due course that he become holder before it was overdue and without notice that it had been dishonored.

2. **Mortgages—Bills and Notes—Holder in Due Course of Note Secured, Like Holder of Mortgage.**

A mortgage being merely an incident of the debt it secures, and Rev. Code 1919, Sec. 1551, subd. 4, providing that transfer of debt secured by mortgage carries with it the security, holder in due course of note secured is such a holder of the mortgage.

Appeal from Circuit Court, Moody County; Hon. John T. Medin, Judge.

Action by Clara J. Barbour against Bertha Finke and another. From a judgment for plaintiff, and an order denying new trial, defendant Bertha Finke appeals. Affirmed.

*Cherry & Davenport,* of Sioux Falls, for Appellant.

*Parliman & Parliman,* of Sioux Falls, for Respondent.

(1) To point one of the opinion Appellant cited: Hall v. Wells, (Cal.) 141 Pac. 53; Field v. Tibbetts, 57 Me. 358; Vette v. La Barge, 64 Mo. App. 179; Vinton v. King, 4 Allen 565; Norwood v. Leeves, (Texas) 115 S. W. 53; Guckian v. Newbold, (R. I.) 47 Atl. 543; First National Bank v. County Commissioners, (Minn.) 100 Am. Dec. 194; Merchants National Bank v. Busch, (Mo.) 136 S. W. 28; Knewel v. Gregg, 51 Barb. 263 (N. Y.); Birken v. Hickey, 43 S. D. 472.

Respondent cited: 3 R. C. L. 1049; Company v. Sprague, (U. S.) 26 L. ed. 554; Thompson v. Perine, (U. S.) 27 L. ed. 298; Company v. Columbus, 65 Fed. 455; Morton v. New Orleans, 79 Ala. 590; State v. Cobb, 64 Ala. 127; McLane v. Placerville, 66 Calif. 606, 6 Pac. 748; Taylor v. Bank, 63 Fla. 631, 57 Southern 678; Winter v. Nobs, 19 Idaho 18, 112 Pac. 527; Cooper v. Bank,

25 Ind. 341, 57 N. E. 569; Fairex v. Bier, 37 La. Ann. 821; McPherin v. Tittle, (Okla.) 129 Pac. 721; Bank v. Foss, (Ore.) 62 Pac. 751; Patterson v. Wright, (Wis.) 25 N. W. 10; Kelley v. Whitney, (Wis.) 30 A. R. 597; Bank v. Kirby, 108 Mass. 497.

(2). To point two, Appellant cited: Hardwood Co. v. Sherwood, 130 Pac. 881; Murphy v. Barnard, 38 N. E. 29; Strong v. Jackson, 25 Am. Rep. 19; Bailey v.Smith, 84 Am. Dec. 385; Layman v. Vicknar, (La.) 17 S. 265; Johnson v. Carpenter, 7 Minn. 176; Potter v. McDowell, 43 Mo. 93; Longan v. Carpenter, 1 Colo. 205; Reeves v. Hayes, 95 Ind. 521; Des Moines Savings Bank v. Arthur, (Iowa) 143 N. W. 556; Lewis v. Kirk, 28 Kan. 497; Duncan v. Louisville, (Ky.) 26 Am. Rep. 201; Schoomaker v. Taylor, 14 Wis. 501; White v. Miller, 52 Minn. 367; Owens v. McKenzie, 33 S. W. 802.

Respondent cited: Gold Brothers Security Co. v. Fidelity Trust Company, 195 N. W. 830; Brewer v. Slatter, 18 App. (D. C.) 48-57; Thorp v. Mindeman, (Wis.) 107 A. S. R. 1003; Cox v. Gayan, (Mich.) 72 A. S. R. 585; Stillwell v. Kellogg, 14 Wis. 501; Cornell v. Hitchens, 11 Wis. 373; Andrews v. Hart, 17 Wis. 307; Graft v. Bunster, 9 Wis. 458.

GATES, J. This was an action brought to foreclose a real estate mortgage dated January 11, 1915, securing a promissory note for $3,500 of even date due on or before 10 years after date, with interest at 6 per cent. per annum payable annually. In March, 1918, the note was indorsed in blank by the payees and delivered to plaintiff, and the mortgage was assigned to plaintiff. The mortgage, but not the note, contained the usual acceleration clause, which provided that upon default in the payment of interest the holder might declare the whole sum due. Default in the payment of interest due January, 1921, and January, 1922, was alleged. Findings of fact and conclusions of law were made, favorable to plaintiff, and judgment of foreclosure was entered, from which, and from an order denying new trial, defendant Bertha Finke, the maker of the note and mortgage, appeals.

Two principal questions are raised upon this appeal. The first is whether appellant had a defense available between the original parties to the note and mortgage. The second is whether respondent became a holder of the note and mortgage in due course. In the view we take, the plaintiff was a holder in due

course, and therefore it is immaterial to this appeal whether there was a defense as between the original parties.

In support of her contention that respondent was not a holder in due course, appellant urges two propositions: (a) That the note had been dishonored, and that respondent had notice thereof before her purchase; (b) that even if respondent was the holder in due course of the note, she could not become the holder in due course of the mortgage. In other words, she contends that a mortgage does not partake of the immunity from defense of a negotiable promissory note which it secures and that, in an action of foreclosure as distinguished from an action at law on the note for the recovery of the debt, the defenses open to her as against the original mortgage were still open to her at the time of trial.

[1] In support of contention (a) it is urged that the nonpayment of interest when due amounted to a dishonor of the note, and that respondent had notice thereof prior to her purchase. While the interest on the note was payable annually on the 11th day of January of each year, the last indorsement of interest thereon showed that interest had only been paid to October 1, 1917, leaving two months interest unpaid. As a witness, respondent testified that she paid $3,590 for the note and mortgage, and that the $90 represented accrued interest. One of the essential elements of a holder in due course of a negotiable instrument is:

"That he became the holder of it before it was overdue and without notice that it has (had) been previously dishonored if such was the fact." Rev. Code 1919, § 1756; Neg. Inst. Law, § 52.

Prior to the adoption of the uniform Negotiable Instruments Law in the several states, there was conflict as to whether nonpayment of interest rendered a note dishonored. Since the adoption of that act, the conflict has continued. The majority holding, both before and after, is that the mere fact that interest due is unpaid, the principal not being due, does not render the note dishonored. Among the cases supporting this doctrine are State ex rel. Plock v. Cobb. 64 Ala. 127; Morton & Bliss v. N. O. & Selma Ry. Co., 79 Ala. 590; McLane v. Placerville & S. V. R. R. Co., 66 Cal. 606, 6 P. 748; Fox v. Hartford & W. H. H. R. Co., 70 Conn. 1, 38 A. 871; Taylor v. Amer. Nat. Bk., 63 Fla. 631, 57 So. 678, Ann. Cas. 1914A, 309; Fidelity Tr. Co. v. Mays, 142 Ga.

821, 83 S. E. 961; Winter v. Nobs, 19 Idaho, 18, 112 P. 525, Ann. Cas. 1912C, 302; S. W. Nat. Bk. v. Lindsley, 29 Idaho, 343, 158 P. 1082; Cooper v. Hocking Valley Nat. Bk., 21 Ind.-App. 358-50 N. E. 775, 69 Am. St. Rep. 365; Cooper v. M. & M. Nat. Bk., 25 Ind. App. 341, 57 N. E. 569; Highy v. Bahrenfuss, 180 Iowa, 316, 163 N. W. 247; Nat. Bank v. Kirby, 108 Mass. 497; Mendenhall Lbr. Co. v. State Bk., 97 Miss. 648, 54 So. 883; Town of Ontario v. Hill (N. Y.) 33 Hun, 250; Fidelity Tr. Co. v. Whitehead, 165 N. C. 74, 80 S. E. 1065, Ann. Cas. 1915D, 200; McPherrin v. Tittle, 36 Okl. 510, 129 P. 721, 44 L. R. A. (N. S.) 395; U. S. Nat. Bk. v. Floss, 38 Or. 68, 62 P. 751, 84 Am. St. Rep. 752; Merchants' Nat. Bk. v. Smith, 110 S. C. 458, 96 S. E. 690, 11 A. L. R. 1274; Spencer v. Alki Point Tr. Co., 53 Wash. 77, 101 P. 509, 132 Am. St. Rep: 1058; Ireland v Scharpenberg, 54 Wash. 558, 103 P. 801; Shultz v. Crewdson, 95 Wash. 266, 163 P. 734; Kelley v. Whitney, 45 Wis. 110, 30 Am. Rep. 697; Patterson v. Wright, 64 Wis. 289, 25 N. W. 10; Cromwell v. County of Sac. 96 U. S. 51, 24 L. ed. 681; Ind. & I. C. Ry. Co. v. Sprague, 103 U. S. 756, 26 L. ed. 554; Thompson v. Perrine, 106 U. S. 589, 1 S. Ct. 564, 27 L. ed. 298; Morgan v. U. S., 113 U. S. 476, 5 S. Ct. 588, 28 L. ed. 1044; Gilbough v. Norfolk & P. R. Co., 1 Hughes, 410, Fed. Cas. No. 5419; Long Island L. & T. Co. v. C. C. & I. C. Ry. Co. (C. C.) 65 F. 455; Gillette v. Hodge, 170 F. 313, 95 C. C. A. 205.; Union Inv. Co. v. Wells, 39 Can. Sup. Ct. 625, 11 Ann. Cas. 33.

The minority view is supported by the following cases: Newell v. Gregg, 51 Barb. (N. Y.) 263 (but see Town of Ontario v. Hill, 33 Hun. 250, affirmed in 99 N. Y. 324, 1 N. E. 887); Citizens' Sav. Bk. v. Couse, 68 Misc. Rep. 153, 124 N. Y. S. 79; Guckian v. Newbold, 22 R. I. 279, 47 A. 543; Merch. Nat. Bk. v. Brisch, 154 Mo. App. 631, 136 S. W., 28; Chouteau v. Allen, 70 Mo. 290; First Nat. Bk. v. Scott County, 14 Minn. 77 (Gil. 59) 100 Am. Dec. 194 (but see First Nat. Bk. v. Forsyth, 67 Minn. 257, 69 N. W. 909, 64 Am. St. Rep. 415, and Lumpkin v. Lutgens, 143 Minn. 139. 172 N. W. 893); and Tuke v. Feagin (Tex. Civ. App.) 181 S. W. 805. Other cases, where the opinion turned upon the existence of an acceleration clause in the note or mortgage, are Hodge v. Wallace, 129 Wis. 84, 108 N. W. 212, 116 Am. St. Rep. 938; McMillan v. Gardner, 88 Kan. 279, 128

P. 391, Ann. Cas. 1914B, 755; Yeomans v. Nachman, 198 Mo. App. 195, 198 S. W. 180; Chicago R. Eq. Co. v. Merch. Nat. Bk. 136 U. S. 268, 10 S. Ct. 990, 34 L. ed. 349.

[2] We are of the opinion that the majority holding, above set forth, is not only in accord with the great weight of authority, but is also in accord with the spirit and intent of the Negotiable Instruments Law, and we therefore follow it; nor do we think that appellant's contention (b) is sound. It is the settled rule of this jurisdiction that a mortgage is merely an incident to the note which it secures. Parker v. Randolph, 5 S. D. 549, 59 N. W. 722, 29 L. R. A. 33; Grether v. Smith, 17 S. D. 279, 96 N. W. 93; Richards Tr. Co. v. Rhomberg, 19 S. D. 595; 104 N. W. 268; Miller v. Berry, 19 S. D. 625; 104 N. W. 311; Emerson-Brantinkham Imp. Co. v. Ainslie, 38 S. D. 472, 161 N. W. 1001.

It is also provided by statute that the transfer of the debt secured by a mortgage carries with it the security. Rev. Code 1919, § 1551, subd. 4. In Gold Bros. Security Co. v. Fidelity Tr. Co., 47 S. D. 31, 195 N. W. 830, we held, without discussion:

"Defendant was therefore a holder in due course of the note, and consequently of the mortgage security."

The correctness of that ruling is now assailed. While there are a few exceptions, the generally accepted rule is thus stated in 19 R. C. L. 356:

"While a mortgage does not of itself possess the quality of negotiability, yet when given to secure a negotiable obligation, it will, by the weight of authority, so far partake of the character thereof that whenever the obligation is so transferred as to free it from all equities existing in favor of the maker of the note, prior indorser, or third persons, the mortgage will also be freed therefrom."

Or as more tersely stated in a syllabus by the court in First Nat. Bk. v. Flath, 10 N. D. 281, 86 N. W. 867:

"In this state a mortgage securing a negotiable note shares the same immunity from defenses between original parties as the note secured."

We think that is and always has been the rule in South Dakota as well. By ingenious analysis of Birken v. Hickey, 42 S. D. 472, 176 N. W. 137, counsel for appellant seek to show that

the opposite result was therein reached. It was not so intended, nor do we think that decision amounted to that. The question there was not whether a mortgage partook of the immunity of the note, but was whether the action was prematurely brought.

Being convinced that the respondent was the holder in due course of the note, and consequently of the mortgage which secured it, the judgment and order denying new trial are affirmed.

Note.—Reported in 201 N.W. 711. See, Headnote (1), American Key-Numbered Digest, Bills and notes, Key-No. 344, 8 C. J. Sec. 695; (2) Mortgages, Key-No. 258, 27 Cyc. 1325.

As to what circumstances are sufficient to put a purchaser of negotiable paper on inquiry, see notes in 29 L. R. A. (N. S.) 395.

One effect on bona fides of purchaser of promissory note of fact there is interest due and unpaid upon it, see note in 11 A. L. R. 1277.

On Uniform Negotiable Instruments Act, see Rev. Code 1919, Sec. 1705, et seq., 5 U. L. A. 7.