WILSON, Appellant, v. HAYES-LUCAS LUMBER CO.,
et al., Respondents.

(226 N. W. 343.)

(File No. 5666.   Opinion filed June 27, 1929.)

For former opinion, see 49 S. D. 341, 207 N. W. 155.

*Charles R. Hatch,* of Wessington Springs, and *Null & Royhl,* of Huron, for Appellant.

*Sterling, Clark & Grigsby,* of Redfield, for Respondents.

SHERWOOD, P. J. This case is before us on rehearing. The original opinion will be found in 49 S. D. 341, 207 N. W. 155, where the facts are more fully stated. The motion for rehearing is based on four grounds:

(1) That appellant was not a party to the action brought by the Wessington Springs State Bank against Jonas Jonassen, Bertha Jonassen, and Frank Smith, and therefore was not bound by the judgment entered in that action.

(2) That appellant was a good faith purchaser of the mortgage, on the foreclosure of which he bases his claim of title to the land and buildings in controversy.

(3) That our former opinion in effect revived and made effective a mechanic's lien, void because filed against the Jonassen's homestead.

(4) That we failed to consider the error based on the finding: "That the buildings could not be severed and removed from the land without material injury to the buildings."

To understand clearly the questions presented we must bear in mind that two judgments are involved, and must be considered in deciding this cause: First, the judgment appealed from; second, the judgment in the case of Wessington Springs State Bank v. Frank Smith, Jonas Jonassen, and Bertha Jonassen, Defendants, and the Hayes-Lucas Lumber Co., Intervener.

The case last mentioned will hereafter be referred to as the bank case, and the Hayes-Lucas Lumber Company as the lumber company.

Under No. 1, it is conceded appellant was not named as a party in the bank case; but the action on the part of the intervener (the lumber company) was for the enforcement of a mechanic's lien. In such an action no notice of lis pendens need be filed. Every person whose conveyance or incumbrance is subsequently recorded is deemed a subsequent incumbrancer and bound by all the proceedings after the intervention "to the same extent as if he were a party to the action." Section 2334, Rev. Code 1919.

The exact date on which the petition in intervention was served and filed in the bank case is not shown by the findings. But it appears from finding No. 7 that during the pendency of the bank action and before trial "the Hayes-Lucas Lumber Co. was allowed to and did file a petition in intervention, claiming under its mechanic's lien." Gardner & Churchill appeared as attorneys for the intervener. The case was tried on the 11th day of October, 1920; and evidence was offered in support of the issues made by the pleadings on that day. It is therefore clear that before the 11th day of October, 1920, the lumber company had served and filed its complaint in intervention asking for the foreclosure of the mechanic's lien.

It further appears from finding No. 8 that Walter L. Wilson, the plaintiff herein, did not file the assignment of the mortgage which he received from Frank Smith until the 21st day of October, 1921, at least one year and ten days after the complaint to foreclose the mechanic's lien had been served and filed. It follows that the plaintiff in the instant case was a subsequent incumbrancer and bound by all the proceedings taken in the bank case at least after the 10th day of October, 1920. Section 2334, Rev. Code 1919.

█ Under No. 2 we must hold that appellant was not a good faith purchaser of the $9,000 mortgage obtained from Frank Smith.

In section 1763, Rev. Code 1919, it is said that: "When it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he acquired the title as a holder in due course."

In section 1759, Rev. Code 1919, it is said that: "The title of a person who negotiates an instrument is defective within the meaning of this part when he obtained the instrument, * * * by fraud * * * or other unlawful means, * * * or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud."

It appears from finding No. 2 that Frank Smith, appellant's assignor, obtained both the $9,000 note assigned to appellant and the $3,000 note involved in the bank case from the Jonassens at the same time and under the same conditions and promises. It appears by finding No. 7 that Smith wrongfully assigned the $3,000 note to the Wessington Springs State Bank; that the $3,000 note

was canceled and held for naught by the judgment in the bank case and $9,000 note and mortgage bought by appellant Smith was adjudged to be subject to the rights of the intervener. In other words, the $9,000 note and mortgage assigned by Smith to appellant and the $3,000 note and mortgage assigned by Smith to the Wessington Springs State Bank were obtained by the fraud of Smith against both the Jonassens and the lumber company.

The title to the $9,000 note and mortgage was therefore defective in the hands of Frank Smith. Section 1759, Rev. Code 1919. And the burden of proving appellant took the note from Frank Smith without actual knowledge of its infirmity or knowledge of such facts, that his action in taking it did not amount to bad faith was upon the appellant. Sections 1760 and 1763, Rev. Code 1919. This burden of proof the appellant has entirely failed to sustain; and there is no finding sustaining or tending to sustain appellant's good faith in the transaction.

On the contrary, besides the constructive knowledge above shown, the findings show gross negligence on the part of appellant in not filing his assignment of mortgage for nearly four years after such assignment was dated, and during which time important litigation affecting the title to the land and buildings was being carried on, and during which time the lumber company was parting with valuable building material and valuable improvements were being erected upon the land.

Such conduct is competent to show bad faith on the part of the purchaser. Oschenreiter v. Block, 42 S. D. 154, 173 N. W. 736; Gold Bros. Security Co. v. Fidelity Trust Co., 47 S. D. 31, 195 N. W. 830.

It is not required that such evidence be direct in character, and it may consist of circumstances or presumptive evidence from which the fraud may be inferred. Jones on Evidence (3d Ed.) §§ 193 and 146; Jones on Evidence (3d Ed.) § 50.

The jurisdiction of the trial court in the bank case over all the nominal parties before it is not questioned, and, as the plaintiff in the instant case failed to file his assignment of mortgage until more than a year after the bank case was tried, he was not a purchaser of the $9,000 note and mortgage in good faith. He is therefore equally bound by the judgment in the bank case. Black

on Judgments, vol. 2, §§ 500, 503, and 504; Jones on Mortgages, vol. 2, § 1044.

■ Under No. 3 appellant claims that in our former opinion we, in effect, revived and made effective a void mechanic's lien against the Jonassens.

The judgment in the bank case and not this court gave and made effective the mechanic's lien. However erroneous that judgment might have been, it was not void; and, as we have seen, it was binding, not only upon all the other parties in this case, but also on the appellant. Black on Judgments, vol. 2, supra.

In the view we now take, we think the homestead rights of the Jonassens were not important in the decision of this case. They should not have been discussed in our former opinion. We therefore withdraw from that opinion all that was said in discussion No. 5 on pages 348 and 349 of 49 S. D. (207 N. W. 157) of the opinion relating to homestead rights.

In our former opinion we said Frank Smith was guilty of constructive fraud on both the lumber company and the Jonassens. On reviewing these findings we think under finding No. 7 we must hold Smith was guilty of actual fraud both against the lumber company and against the Jonassens.

■ It appears from the record that the Jonassens executed a release and waiver of their homestead rights to these buildings on September 30, 1922. This waiver was sufficient to release such homestead rights. 29 C. J. 952, § 384. Bailly v. Farmers' State Bank of Sisseton, 35 S. D. 122, 150 N. W. 942. No homestead rights passed as an incident to the land. Bailly v. Farmers' State Bank of Sisseton, supra. 29 C. J. 783 and 784.

■ Under No. 4 our attention is called to section 1657, Rev. Code 1919, and to the finding of the court that these buildings cannot be removed without material injury to the buildings. This section refers only to cases where the material furnished was used in adding to or repairing buildings already on the land, and where such additions or repairs were afterwards sought to be removed to the injury of the original buildings left on the land. It has no application where the buildings removed were new buildings and were not attached to any buildings formerly on the land. This is an action in equity brought to restrain the execution of the judg-

ment, and the plaintiff has failed to show any such equity in himself.

The original opinion, with the modifications given above, is adhered to. The judgment of the trial court dismissing the complaint for want of equity should be and is hereby affirmed.

POLLEY and BROWN, JJ., concur.

BURCH, J., concurs in result.

CAMPBELL, J. I regret that I must continue to dissent, notwithstanding the foregoing explanation and modification of the previous opinion.