FRYSTAD, Respondent, v. GRAFF et al, Appellants.

(226 N. W. 745.)

(File No. 5978. Opinion filed September 20, 1929.)

*Davis, Lyon & Bradford,* of Sioux Falls, for Appellants.

*E. M. Mumford,* of Howard, and *Gardner & Churchill,* of Huron, for Respondent.

BROWN, J. Plaintiff owned a mortgage for the sum of $12,000, executed by Anna U. Ady and W. H. Ady, her husband, upon the S. W. ¼ 26-108-56. He also owned some lots and two small houses in Madison and an equity in the S. W. ¼ 15-106-56.

O'Lien & Christiansen were real estate dealers in Sioux Falls, having business relations with St. Paul Improvement Company, and plaintiff got to talking with them about trading for some income property. They said they had nothing in Sioux Falls, but had an apartment house in Minneapolis that would be just the thing for him. Later they accompanied him to Minneapolis. After looking over the apartment building, he entered into a contract with the St. Paul Improvement Company whereby he traded for it his property above enumerated. By the terms of the contract he got an agreement on the part of the St. Paul Improvement Company to convey to him this Minneapolis property, and the company got from him the $12,000 note, indorsed as follows:

"For value received, I hereby assign and transfer the within note, together with all my interest in all my rights under the mortgage securing the same to ————, without recourse.

"October 4, 1923.                    Rasmus R. Froistad."

Plaintiff's name is spelled either "Froistad," "Froystad," or Frystad," and was spelled "Froistad" in the note and mortgage. The company also got from him the mortgage and an assignment of the mortgage, wherein the name of the assignee was left blank,

but also procured a writing signed by him, authorizing the company to fill in the name of an assignee. St. Paul Improvement Company gave the note and mortgage to Christiansen, to sell and remit net proceeds.

Defendant A. N. Graff had signed a note with the Adys for $4,000 to procure the money which they paid on the purchase of the S. W. ¼ 26, and he was trying to make a sale of the land for Ady, and had an employee of Christiansen, named Hansen, assisting in looking for a purchaser. After Christiansen returned to Sioux Falls with the $12,000 note and mortgage, Hansen advised Graff that they had such mortgage for sale. Graff bought the note and mortgage, paying full value for them, and Hansen filled in Graff's name as grantee in the assignment of the mortgage. Thereafter the Adys conveyed the S. W. ¼ 26 to Graff in consideration of his assuming the $12,000 note and mortgage, and also agreeing to pay the $4,000 note, which he had signed with them. Graff then recorded a satisfaction of the $12,000 note and mortgage, and executed a mortgage on the land to the Security Mortgage & Investment Company for $6,500, being the amount of a loan he procured from them.

Plaintiff was to get possession of the Minneapolis property on November 1st, and on that date he went to Minneapolis, and in the course of conversation with J. P. Rodgers, of the St. Paul Improvement Company, stated that he desired to withdraw from the contract. Rodgers refused to agree to a rescission of the contract, and plaintiff brought this action to cancel the contract with St. Paul Improvement Company, and all other instruments subsequent to it and affecting the property described in the $12,000 mortgage, on the ground that the other parties to. the transaction had plied him with liquor and by false representations induced him to enter into the contract.

The court found that the defendants St. Paul Improvement Company, J. P. Rodgers, Nels K. Christiansen, and Ole O'Lien entered into a scheme to defraud plaintiff, and in pursuance of such scheme, through false representations and furnishing him with intoxicating liquor, induced him to sign the contract, and we shall assume for the purpose of the case that plaintiff is entitled to have the contract and all subsequent instruments derived through it, by parties who had notice or knowledge of the facts, set aside.

The court found that the deed for lot 4 in block 13 had been recorded after having the name of Vendla S. O'Lien inserted therein as grantee; the deed for lots 3 and 4 in block 6 had been recorded after having the name of Christiansen inserted therein as grantee, and that Christiansen had conveyed these premises to Shuster, whose deed had been recorded; that the deed for S. W. ¼ 15 was still in the possession of defendant Christiansen, that the defendant Graff was not a purchaser of the $12,000 note and mortgage in the usual course of business, nor in good faith, and was charged with notice of the defenses which plaintiff claims against these instruments; that after Graff got the deed to the S. W. ¼ 26 he mortgaged it to Security Mortgage & Investment Company for $6,500; and that such mortgage was taken by Security Mortgage & Investment Company in good faith for a loan of that amount to Graff. Judgment was given in accordance with such findings, and from the judgment, and an order denying a new trial, defendant A. N. Graff appeals.

There are 64 assignments of error, but, as already said, we treat it as conclusively established that plaintiff was induced by fraudulent representations to part with the $12,000 note and mortgage, and the only question that we deem it necessary to consider is whether or not there is any evidence on which the trial court could properly find that Graff was not a purchaser of said instrument in good faith and in the usual course of business, and was charged with notice of the defenses which plaintiff has against the transfer of the note and mortgage.

That Graff had signed a purchase-money note for $4,000 with the Adys for the purchase of the mortgaged premises, that in consideration of a conveyance of the premises from the Adys to him he assumed the $12,000 note and mortgage and the payment of the $4,000 note, that the $4,000 note was paid by him giving his own note in place of it, which was accepted by the payee in the note, and that the Adys were discharged from any liability, is undisputed, as is also the fact that Hansen had been advised by him to look up a purchaser for the land, and that Hansen, after the $12,000 note and mortgage were brought in by Christiansen, advised Graff that they had such note and mortgage for sale, and that Graff bought it, paying full value for it. The only thing in the evidence that could justify the court's deduction that Graff was not a purchaser

in good faith and in the usual course of business is the nature of the indorsement of the note, and the fact that the assignment of the mortgage had a blank left for the insertion of the name of the grantee.

Plaintiff's counsel contend that the words preceding the signature of the name of Frystad on the back of the note constitute a simple assignment of the note, and not an indorsement; that therefore Graff was not an indorsee of the note, but simply an assignee, and took it subject to all defenses. In Merrill v. Hurley, 6 S. D. 592, 62 N. W. 958, 55 Am. St. Rep. 859, we held that an indorsement in practically the same language, but containing the name of the indorsee, was a legal indorsement, and not a mere assignment of the instrument. In Gold Bros. Security Co. v. Fidelity Trust Co., 47 S. D. 31, 195 N. W. 830, the abstract shows that the indorsement on the note read as follows:

"For value received, we hereby assign and transfer the within note, together with all our rights, title and interest in and to the mortgage deed securing the same, to ————, without recourse.

"October 3, 1917. Gold Brothers Sec. Co."

It will be seen that this is practically identical with the indorsement in the case at bar, and we held that the holder under such indorsement was a holder in due course. See, also, Commerce Trust Co. v. Guarantee Title & Trust Co., 113 Kan. 311, 214 P. 610.

Respondent further contends that the assignment of mortgage, not having a grantee's name inserted, was void. But transfer of the note carried with it the security, and, if Graff was a holder in due course of the note, he was a holder in due course of the security without any formal assignment of the mortgage. Barbour v. Finke, 47 S. D. 644, 201 N. W. 711, 40 A. L. R. 829. His rights as such holder cannot be defeated, without proof of actual notice or bad faith on his part evidenced by circumstances, and we can find no proof of either in the record.

The holder of a negotiable instrument is not "bound at his peril to be on the alert for circumstances which might possibly excite the suspicion of wary vigilance." Orient State Bank v. Zemlicka, 49 S. D. 277, 207 N. W. 69; Oschenreiter v. Block, 42 S. D. 154, 173 N. W. 736; Gold Bros. Security Co. v. Fidelity Trust Co., 47 S. D. 31, 195 N. W. 830.

The judgment and order appealed from, in so far as they affect appellant, A. N. Graff, are reversed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.